

**SIGNED this 25 day of August, 2008.**

_____
**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In Re:                                                    Case Number 08-11146
                                                          Chapter 13
BARRY LEE ROSSER,

        Debtor;

D & M PROPERTIES, LLP,

        Plaintiff,

v.                                                        Adv. Pro. No. 08-1075

BARRY LEE ROSSER,

        Defendant.

Appearances:      Buddy B. Presley, Jr., Presley & Simonds, Chattanooga, Tennessee, for
the Plaintiff, D & M Properties, LLP

                 Thomas E. Ray, Samples, Jennings, Ray & Clem, Chattanooga,
Tennessee, for the Defendant, Barry Lee Rosser

R. Thomas Stinnett, United States Bankruptcy Judge

### <u>MEMORANDUM AND ORDER</u>

Pending before the court is a motion by the defendant, Barry Lee Rosser (hereinafter "Defendant") to dismiss this adversary proceeding under Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure for failure to state a claim upon which relief may be granted.  A response has been filed by the plaintiff, D & M Properties, LLP (hereinafter "Plaintiff").  For the reasons set forth herein, the Defendant's motion will be denied.

## Facts

The Defendant filed a voluntary chapter 13 bankruptcy petition and a plan on March 10, 2008.  An amended plan providing for a remainder distribution to unsecured creditors was filed on April 23, 2008, and confirmed by order entered June 9, 2008.  On July 21, 2008, the Plaintiff filed a proof of claim in the amount of $505,000.   On June 23, 2008, the Plaintiff initiated this adversary proceeding against the Defendant under 11 U.S.C. § 523 seeking to declare nondischargeable an indebtedness owed by the Plaintiff to the Defendant.  As grounds therefor, the Plaintiff alleges that the Defendant engaged in certain fraudulent acts, including fraud in the inducement, fraudulently securing credit or utilizing credit accounts, false pretense, false representations, intentional and malicious actions and/or fraud, misapplication of funds drawn on an account, and misapplication of contract payments.  In its prayer for relief, the Plaintiff requests entry of a judgment for an amount certain and for the debt to be declared nondischargeable under 11 U.S.C. § 523.

On July 3, 2008, the Defendant filed a motion under Rule 7012(b) of the Federal Bankruptcy Rules of Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the adversary proceeding for failure to state a claim upon which relief may be granted.  The Defendant asserts that the allegations set forth in the Plaintiff's complaint are based in fraud and are subject to discharge under 11 U.S.C. § 1328.  The Defendant cites *Lindquist v. Lindquist*, 265 Fed. Appx. 461, 2008 U.S. App. LEXIS 1746 (9th Cir. 2008), in support of his motion.

The provisions of 11 U.S.C. § 1328 have been revised since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), which became effective for bankruptcy cases filed after October 17, 2005.  For cases filed prior to BAPCPA, a chapter 13 discharge did not include those debts specified in § 523(a)(5), (8), or (9). 11 U.S.C. § 1328(a)(2004).  Since BAPCPA, however, § 1328 additionally excepts from discharge those debts of the kind specified in § 523(a)(1)(B), (1)(C), (2), (3), and (4), (5).  Debts excepted from discharge under § 523(a)(2) include debts incurred for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(2005). Debts excepted from discharge under § 523(a)(4) include debts incurred as a result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.  11 U.S.C. § 523(a)(4)(2005).  Although the Plaintiff's complaint does not pinpoint the provision of § 523 upon which relief is sought, the allegations are sufficiently contemplated by either § 523(a)(2) or (4), and deemed nondischargeable by § 1328, to survive a dismissal challenge under Rule 7012(b)(6).  Furthermore, the *Lindquist* decsion cited by the Defendant in support of the motion is controlled by the pre-BAPCPA provisions of the Bankruptcy Code.  *See Lindquist v. Lindquist*, 265 Fed. Appx. 471 (citing 11 U.S.C. § 1328(a)(2004)).  Therefore, *Lindquist* is  inapplicable to this case.

Alternatively, the Defendant requests entry of an order suspending the Plaintiff's Complaint until the Defendant completes the payments proposed under the plan.  This proposal seems to be based upon the presumption that the Defendant will only be responsible for that portion of the Plaintiff's claim paid during the life of the plan and will receive a discharge from any remaining indebtedness to the Plaintiff.  However, since the issue of dischargeability of the alleged debt is controlled by the post-BACPA provisions of § 1328, the Defendant will not receive a discharge of the unpaid balance of a judgment if the Plaintiff is successful in the adversary

proceeding.      Therefore, the interests of judicial efficiency are better served by permitting the adversary to proceed rather than holding the matter in abeyance pending completion of the Defendant's plan.

For the reasons set forth herein, the motion by the Defendant to dismiss the adversary proceeding is denied.

# # #